## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Timothy Alan Boswell

March 18, 1992

Case No. LS-2247

BY JUDGE MELVIN R. HUGHES, JR.

This is an appeal of an Alcoholic Beverage Control Board (the Board) determination to suspend a license to sell beer on and off premises. Petitioner concedes there is substantial evidence that beer was sold to and consumed by underaged persons as alleged. Petitioner questions whether there is substantial evidence that such sales and consumption was done with the requisite knowledge or reason to believe that the persons were underage. The findings in this regard are not valid, petitioner contends, because the hearing officer who conducted the hearing and whose decision the Board approved said in stating his conclusions that petitioner failed "to insure" that such sales and consumption did not occur. Petitioner argues this is a new and improper standard which goes beyond the legal standard of care required of him.

The case involves three sales and five instances of consumption of beer at petitioner's restaurant during a promoted "college night" on January 11, 1990. The promotion was aimed at attracting the attendance of students from a nearby university. According to one of the underaged students who drank beer at petitioner's establishment on the night in question, "everyone was just hanging out drinking."

The evidence further revealed that petitioner set up written rules detailing procedures for determining the age of all persons attending the affair to detect that no one under age was permitted to purchase or consume beer on the premises. The procedure entailed first "carding" all attendees at the front door, that is, requesting appropriate picture identification to see if the person was twenty-one or older. Upon such satisfactory proof, persons who were not underage received a green wristband. Each such person could purchase beer

tickets upon displaying the wristband and then obtain beer upon presenting a ticket and displaying the wristband again. During the affair, petitioner and an employee patrolled the premises every ten minutes checking to see if any minors were drinking beer. During the evening, the restaurant was crowded and a band was playing.

Without giving the full details of each instance of sale and consumption, the evidence revealed that some minor persons did not give identification, some were not requested to show any, others were issued wristbands improperly, and others drank beer provided by other persons. There was one case of a sale to a person using a fake out-of-state driver's license.

While the evidence is clear that petitioner had precautionary procedures in place to guard against the very things that took place, sales to and consumption by minor persons nonetheless took place despite them. Finding that the events occurred with knowledge or reason to believe that minors purchased beer or drank it does not involve applying a standard of guarantee or strict liability, as petitioner contends. Rather, the facts show a failing of petitioner's own detection system for reasons entirely under his control. These failings by themselves supply the necessary factual basis for determining that petitioner knew or had every reason to know that illegal supply of alcoholic beverages was afoot at the time. While petitioner's efforts are laudable in the attempt to police the problem and avoid the very situation presented, he should not be heard to complain that all was done that could be done to prevent violations and that some people just slipped through the cracks. It is evident that all the precautionary procedures were not followed.

In announcing his conclusions, the hearing officer spoke in the context of the obvious failings of the precautionary steps. This does not involve engrafting a new and improper standard of guarantee or strict liability. It was the hearing officer's observation, as is the Court's, that despite petitioner's precautions, the precautions themselves give reason to believe that the persons attending college night were underage. When the precautionary steps were not followed, as they were supposed to, and the sales and consumption occurred, petitioner knew or should have known that minors were involved.

Accordingly, under § 4–37, there is sufficient evidence to support the Board's findings that petitioner violated the prohibition against sale to and consumption by minors on premises. Further, according to § 9–6.14:17(iv), there is no error of law. The appeal is dismissed.